— In an action to impose a constructive trust, for an accounting of partnership assets, and to recover damages for the breach of a fiduciary duty, breach of contract, and conversion, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Demarest, J.), dated July 17, 2008, as granted the defendants’ motion for a *721 protective order, to quash 21 subpoenas, and to limit discovery to the claims alleged in the defendants’ counterclaims pending the determination of an appeal from an order granting the defendants’ motion for summary judgment dismissing the first, second, and third causes of action in the complaint.
Ordered that the appeal is dismissed as academic, with costs.
The defendants moved for a protective order, to quash 21 subpoenas, and to direct that discovery shall be limited to the claims alleged in the defendants’ counterclaims. Contrary to the plaintiffs contention, the Supreme Court did not determine the underlying merits of the defendants’ motion, which still must be adjudicated. The order appealed from merely stayed discovery pending an appeal from an order granting the defendants’ motion for summary judgment dismissing the first, second, and third causes of action in the complaint. In light of our determination on that appeal (see Friedman v Ocean Dreams, 56 AD3d 719 [2008] [decided herewith]), the instant appeal has been rendered academic (see Matter of International Ry. Co. v Schwab, 203 App Div 878 [1922]; 88th St. Realty LP v Arabian, 19 Misc 3d 132[A], 2008 NY Slip Op 50659[U] [2008]).
We deny the defendants’ application to impose a sanction against the plaintiff (see 22 NYCRR 130-1.1; Capuana v Platzner Intl. Group, 5 AD3d 620 [2004]). Prudenti, P.J., Santucci, McCarthy and Chambers, JJ., concur.